UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

January 14, 2021

LETTER TO COUNSEL

RE:   *Lacey S. v. Saul*
      Civil No. DLB-20-640

Dear Counsel:

On March 3, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 17 ("Pl.'s Mot."); ECF 18 ("Def.'s Mot."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). This letter explains my rationale.

Plaintiff filed her claims for benefits on February 6, 2017, alleging an onset date of August 7, 2007. Administrative Transcript ("Tr.") 215-28. The SSA denied her claims initially and on reconsideration. Tr. 143-46, 139-41. An Administrative Law Judge ("ALJ") held a hearing on February 22, 2019, at which plaintiff amended her alleged onset date to May 1, 2017. Tr. 37-78. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 16-36. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 2-7; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "degenerative joint disease-post traumatic osteoarthritis of multiple joints, degenerative disc disease of cervical spine and lumbar spine, generalized anxiety disorder, post-traumatic stress disorder (PTSD), neurocognitive disorder, migraines, chronic pain disorder, and status post left and right ruptured Achilles tendon repair." Tr. 21-22. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

*Lacey S. v. Saul*
Civil No. DLB-20-640
January 14, 2021
Page 2

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes or scaffolds. She can occasionally perform all other postural activities. She should never work around hazards such as moving mechanical parts, unprotected heights, fire and open bodies of water. She should never operate a motor vehicle as part of her job related duties. The claimant can perform simple, routine, repetitive tasks, but no pace limitations (sic). She is capable of occasional interaction with supervisors, co-workers and the general public.

Tr. 24. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could perform her past relevant work as a conveyor belt package sorter and other work existing in significant numbers in the national economy. Tr. 29-31. Therefore, the ALJ concluded plaintiff was not disabled. Tr. 31.

On appeal, plaintiff argues only that the ALJ's decision fails to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Because plaintiff's argument is without merit, I affirm the SSA's decision.

The Fourth Circuit in *Mascio* remanded for, as pertinent to this case, the inadequacy of the ALJ's RFC assessment with respect to the plaintiff's "moderate difficulties" in concentration, persistence, or pace ("CPP"). 780 F.3d at 638. CPP is one of four, broad functional areas an ALJ must consider when evaluating a claimant's mental impairments.[1] 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b); *see* 20 C.F.R. §§ 404.1520a, 416.920a (explaining the "special technique" for evaluating the severity of a claimant's mental impairments). The ALJ assesses the extent to which the claimant's impairment "interferes with [his] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). The ALJ then rates a claimant's degree of limitation in the four areas using a five-point scale: none, mild, moderate, marked, or extreme. *Id.* §§ 416.920a(c)(4). A moderate limitation signifies the claimant's "fair" abilities in the relevant functional area. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c).

In *Mascio*, the ALJ found the plaintiff moderately limited in CPP but confined the plaintiff's nonexertional RFC only to "unskilled work." 780 F.3d at 637-38. The Fourth Circuit remanded, holding an ALJ does not summarily account for a moderate CPP limitation by restricting a claimant to "simple, routine tasks or unskilled work…[because] the ability to perform simple tasks differs from the ability to stay on task." *Id.* at 638; *see Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). The Fourth Circuit subsequently emphasized *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate [CPP] limitations…as a specific limitation in the RFC." *Shinaberry*, 952 F.3d at 121 (finding the ALJ adequately explained how an RFC limited to simple, routine, and repetitive tasks accounted for the plaintiff's moderate CPP

---

[1] Three other functional areas also require assessment: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; and (3) the ability to adapt or manage oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b) (the "paragraph B" criteria).

*Lacey S. v. Saul*
Civil No. DLB-20-640
January 14, 2021
Page 3

limitation because the ALJ referenced psychological evaluations and the plaintiff's adult function report, all of which supported his conclusion). Rather, an ALJ need only explain how substantial evidence supports his conclusion as to the plaintiff's CPP abilities in a work setting. *See, e.g.*, *Sizemore v. Berryhill*, 878 F.3d 72, 79-81 (4th Cir. 2017) (holding two medical opinions substantially supported the ALJ's determination that the plaintiff could work in a low stress setting, defined as non-production jobs without any fast-paced work, despite his moderate CPP limitation); *see* SSR 98-8p, 1; *Thomas v. Berryhill*, 916 F.3d 207, 311 (4th Cir. 2019) ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

> Here, the ALJ applied the special technique and found plaintiff moderately limited in CPP:
>
> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The claimant retains the concentration, persistence and pace to do such things as watch television, count change, pay bills, handle a saving account and maintain a daily routine. Moreover, the claimant indicates that she wakes up, sometimes cooks and cleans, and then goes to bed. She also has enough concentration, persistence and pace, to drive, use a cellphone (to text), and assist with taking care of her children. Examinations reveal that she has the ability to display a normal/fair memory, a normal thought process, and a normal concentration/ability to be alert. At the hearing, she displayed enough concentration to respond to questions when asked, wait until the question was asked to give a response, and give coherent answers to questions. I find that the claimant has a moderate limitation based on the evidence of record.

Tr. 23-24 (internal citations omitted).

Plaintiff argues that, in light this CPP finding, the RFC determination violates *Mascio*'s mandate because the ALJ excluded an "off-task" limitation from the RFC and the RFC, therefore, does not account for her moderate CPP limitation. Pl.'s Mot. at 9-10; *see Mascio*, 780 F.3d at 638.

Acknowledging the RFC contains no "off-task" limitation, the Commissioner argues that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in [CPP] as a specific limitation in the RFC." Def.'s Mot. at 3-4 (citing *Shinaberry*, 952 F.3d at 121). The Commissioner argues that the Fourth Circuit's holding in *Sizemore* "is directly on point." *Id.* at 4. The Commissioner analogizes the present case to *Sizemore* by pointing out that here, as in *Sizemore*, the state agency psychologists opined that though plaintiff is moderately limited in CPP, she can nonetheless: (1) "attend and persist for 2-hour intervals while accomplishing job tasks consisting of straightforward, recurring, and uniform steps," (2) "be mentally able to perform simple, routine, and repetitive tasks and some complex tasks in settings with limited social demands," and (3) "carry out simple routine tasks and pay attention for two hours at a time to complete a normal workweek." *Id.* (citing Tr. 24, 28, 90, 93, 94, 105, 106, 102, 117, 121, 131, 135). The ALJ assigned the opinions of the state agency psychologists "great weight[, as the opinions] are consistent with the evidence, including [with the fact that] when on medication, [plaintiff displays]…a normal concentration/ability to be alert." Tr. 28 (citing Exs. 1A, 5A, 1F at 7-16, 4F at 2, 16F at 2, 4, 6).

*Lacey S. v. Saul*
Civil No. DLB-20-640
January 14, 2021
Page 4

      I agree with the Commissioner that the state agency psychologist medical opinions, which the ALJ cited, provide substantial evidence for the RFC determination the ALJ assigned plaintiff.

      Plaintiff argues that other evidence in the record suggests the ALJ's RFC determination was erroneous. Pl.'s Mot at 9-10. Plaintiff cites the "medical records," "the opinions of [plaintiff's] examining physicians," "migraine headaches," and "mental health issues" as evidence requiring the ALJ to come to a different RFC determination. *Id.* Plaintiff essentially seeks a favorable conclusion as to the record evidence by asking this Court to reweigh the evidence, some of which supports plaintiff's position and some of which supports the ALJ's. Such an inquiry is beyond the power of a federal court empowered only to review the ALJ's decision for compliance with the applicable legal standards and supportability by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

      Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence. *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports them. *See Hays*, 907 F.2d at 1456. On the record before me, I find the ALJ applied correct legal standards and made findings supported by substantial evidence.

      For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 17, is denied, and defendant's motion for summary judgment, ECF 18, is granted. The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

      Sincerely yours,

      /s/

      Deborah L. Boardman
      United States Magistrate Judge